UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DANIELLE Y.KNOBLE, ) | |
| ) | CASE NO. 07 CV 50222 |
| Plaintiff, ) | |
| ) | **FIRST AMENDED** |
| vs. ) | **COMPLAINT** |
| ) | |
| CLIFFBREAKERS, INC., an Illinois ) | |
| corporation, and MARK WASSERMAN, ) | |
| ) | |
| Defendants. ) | Jury Trial Demanded |
| ) | |

NOW COMES the plaintiff, DANIELLE Y. KNOBLE, by and through her attorney, David J. Brown, and complaining against the defendant, CLIFFBREAKERS, INC., an Illinois corporation and MARK WASSERMAN, alleges as follows:

**JURISDICTION AND VENUE**

(1)   This action is brought to remedy discrimination and harassment on the basis of sex in the terms, conditions and privileges of employment and to remedy retaliation against an employee for activity protected under Title VII all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e et seq. ("Title VII").

(2)   Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. Secs. 2000e (f) and (g).

(3)   Plaintiff, DANIELLE Y. KNOBLE, ("KNOBLE"), a female and a resident of the State of Illinois, filed a charge of discrimination and harassment against defendants, CLIFFBREAKERS, INC., an Illinois corporation**,** ("CLIFF BREAKERS") and MARK

WASSERMAN, ("WASSERMAN") with the Illinois Department of Human Rights ('IDHR") and the Equal Employment Opportunity Commission ("EEOC") on or about April 7, 2006, complaining of the acts of sex discrimination and harassment alleged herein.

(4) On or about August 13, 2007, more than 180 days having elapsed since the filing of her charge, the plaintiff received a notice from the EEOC informing her of her right to sue defendants in federal court.

(5) Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under Sec. 706(f)(3) of Title VII, 42 U.S.C. Sec. 2000e-5(f)(3). The amount in controversy exceeds $75,000.

(6) As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, Western Division, venue is proper in this District pursuant to Sec. 706(f)(3) of Title VII, 42 U.S.C. S 2000e-5(f)(3).

## PARTIES

(7) Plaintiff was employed by CLIFF BREAKERS in May of 2005 until the termination of her employment on or about late September, 2005.

(8) Defendant CLIFF BREAKERS is a corporation orgainized under the laws of Illinois. Defendant maintains its principal place of business in the City of Rockford, Illinois.

(9) Defendant WASSERMAN was a male employee and agent of the defendant, CLIFF BREAKERS, employed in a managerial capacity during all times complained of herein.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

(10)     In September of 2005, Defendant CLIFF BREAKERS conducted a restaurant business an employed approximately 95 employees.

(11)     Plaintiff, a female, was hired in May of 2005, as a waitress for defendant, CLIFF BREAKERS.  Plaintiff was responsible to perform waitress duties and was directly supervised by defendant, WASSERMAN, until her untimely termination in late September of 2005. Throughout her employment, plaintiff distinguished herself professionally and, made substantial contributions to defendants' restaurant.

(12)     Sometime in early July 2005 through the date of her termination, WASSERMAN, subjected plaintiff to sexual harassment, including offensive sexual touching and gestures.  On a regular basis, WASSERMAN,  would ask plaintiff out on dates to go to bars and for dinner. Plaintiff rebuked the sexual advances and made it known to Wasserman that these advances were unwanted and unwelcome, especially in light of the fact that WASSERMAN  was married with children.

(13)     On one such occasion, after July of 2005, WASSERMAN,  asked plaintiff to be his mistress and told her he would buy her anything she wanted.

(14)     On another occasion, after July of 2005, WASSERMAN, offered to make dinner for plaintiff at his place.  The plaintiff rejected the offer and told him it was not a good idea.

(15)     On several  nights WASSERMAN offered to walk plaintiff to her car.  Plaintiff told WASSERMAN that she did not need any company.  WASSERMAN persisted and escorted her to her car after closing.  WASSERMAN began to give details of his promiscuous exploits and

that he wanted to set up a date with her.  She refused his advances and again told him that his advances were not welcome.

 (16) On or about August 10, 2005, WASSERMAN was promoted to General Manager of the restaurant.

 (17) Plaintiff confronted WASSERMAN on numerous occasions that the above-described conduct was offensive to her.  WASSERMAN's behavior continued until late September, 2005.  One evening in late September, 2005, WASSERMAN moved himself very close to Plaintiff touching her.  This made plaintiff feel very uncomfortable and uneasy.  Plaintiff told WASSERMAN that his advances made her feel uneasy and that she did not appreciate his conduct.

 (18) The next week , the plaintiff called the restaurant  to get her pre-assigned hours and learned that was not scheduled on the roster of employees for any work.

 (19) Thereafter, the plaintiff was never scheduled for any further employment.  She called and requested to know why she was being overlooked.  Management failed to respond to her as to why she was terminated.

 (20) Throughout plaintiff's employment with CLIFF BREAKERS she refused to accept WASSERMAN'S sexual advances and she repeatedly told him his sexual behavior was unwelcome and unwanted.  The sexual harassment continued forcing plaintiff to work in a hostile and intimidating environment.

### FIRST CAUSE OF ACTION -- HOSTILE ENVIRONMENT

(21)   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth herein.

(22)   Defendant, CLIFF BREAKERS, is strictly liable for any unwelcome sexual conduct of its managerial employee and as such, defendant, CLIFF BREAKERS, has discriminated against plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII in that this conduct created a hostile, intimidating and offensive work environment for plaintiff.

(23)   Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

### SECOND CAUSE OF ACTION-- RETALIATION

(24)   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth herein.

(25)   Plaintiff was terminated because of her sex in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damage unless and until this Court grants relief.

### THIRD CAUSE OF ACTION -- DISCHARGE

(26)   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth herein.

(27)   Plaintiff has been discharged from her employment because of her sex in violation

of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damage unless and until this Court grants relief.

(28) As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court enter a judgment:

(a) Declaring that the acts and practices complained of herein are in violation of Title VII;

(b) Enjoining and permanently restraining these violations of Title VII;

(c) Directing defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect plaintiff's employment opportunities;

(d) Directing defendant to place plaintiff in the position she would have occupied but for defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension, and other lost benefits;

(e) Awarding plaintiff compensatory and punitive damages in the amount of $50,000;

(f) Awarding plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Sec. 706(k) of Title VII, 42 U.S.C. S 2000e-6(k);

    (g)    Directing defendant to pay plaintiff compensatory damages and damages for her mental anguish and humiliation; and

    (h)    Granting such other and further relief as this Court deems necessary and proper.

    DANIELLE Y. KNOBLE, Plaintiff,

    /s/ David J. Brown
    DAVID J. BROWN, Her Attorney

## DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

    DANIELLE Y. KNOBLE, Plaintiff,

    /s/ David J. Brown
    David J. Brown, Her Attorney

DAVID J. BROWN
Attorney at Law
216 N. Court St.
Rockford, IL 61103
815/968-4474

## CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of the foregoing FIRST AMENDED COMPLAINT was served on April 4, 2008, pursuant to ECF as to Filing Users and shall comply with local Rule 5.5 as to any party who is not a Filing User or represented by a Filing User.

                                        /s/ David J. Brown
                                        David J. Brown


David J. Brown
Attorney at Law
216 N. Court St.
Rockford, IL 61103
815/968-4474