IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| DANIELLE Y. KNOBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 50222 |
| | ) | |
| CLIFFBREAKERS, INC., an Illinois | ) | |
| Corporation, and MARK WASSERMAN, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CLIFFBREAKERS, INC.'s**
**ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant, CLIFFBREAKERS, INC., an Illinois Corporation, by its attorneys, Holmstrom & Kennedy, P.C., for its Answer and Affirmative Defenses to the First Amended Complaint filed by Plaintiff, DANIELLE Y. KNOBLE, states:

**JURISDICTION AND VENUE**

1. This action is brought to remedy discrimination and harassment on the basis of sex in the terms, conditions and privileges of employment and to remedy retaliation against an employee for activity protected under Title VII all in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Secs. 2000e et seq. ("Title VII).

**Answer: Defendant CLIFFBREAKERS admits that Plaintiff's First Amended Complaint is brought under Title VII of Civil Rights Act, but denies each and every remaining allegation contained in Paragraph 1 of the First Amended Complaint.**

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to 42 U.S.C. Secs. 2000e (f) and (g).

1

**Answer:  Defendant CLIFFBREAKERS admits that Plaintiff seeks relief under Title VII, but denies each and every remaining allegation contained in Paragraph 2 of the First Amended Complaint.**

3. Plaintiff, Danielle Y. Knoble ("Knoble"), a female and a resident of the State of Illinois, filed a charge of discrimination and harassment against defendants, CLIFFBREAKERS, INC., an Illinois Corporation, ("CLIFFBREAKERS") and MARK WASSERMAN, ("WASSERMAN") with the Illinois Department of Human Rights ("IDHR") and the Equal Employment Opportunity Commission ("EEOC") on or about April 7, 2006, complaining of the acts of sex discrimination and harassment alleged herein.

**Answer:  Defendant CLIFFBREAKERS admits that Plaintiff is female and a resident of the State of Illinois, and that she filed a charge of discrimination with the Illinois Department of Human Rights and the Equal Employment Opportunity Commission on or about April 7, 2006. Defendant CLIFFBREAKERS neither admits nor denies the remaining allegations contained in Paragraph 3 of the First Amended Complaint, for the reason that Plaintiff's charge speaks for itself.**

4. On or about August 13, 2007, more than 180 days having elapsed since the filing of her charge, the plaintiff received a notice from the EEOC informing her of her right to sue defendants in federal court.

**Answer:  Defendant CLIFFBREAKERS admits the allegations contained in Paragraph 4 of the First Amended Complaint.**

5. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII. Jurisdiction of the Court is proper under Sec. 706(f)(3) of title VII, 42 U.S.C. Sec. 2000e-5(f)(3).

2

**Answer: Defendant CLIFFBREAKERS lacks sufficient information and knowledge on which to form a belief as to the allegations contained in the first sentence of Paragraph 5 of the First Amended Complaint and, therefore, neither admits nor denies such allegations but demands strict proof of them. Defendant CLIFFBREAKERS denies the remaining allegations contained in Paragraph 5 of the First Amended Complaint.**

6. As the unlawful employment practices complained of herein occurred within the Northern District of Illinois, Western Division, venue is proper in this District pursuant to Sec. 706(f)(3) of Title VII, 42 U.S.C. S 2000e-5(f)(3).

**Answer: Defendant CLIFFBREAKERS admits that venue is proper in this Court, but denies the remaining allegations contained in Paragraph 6 of the First Amended Complaint.**

## PARTIES

7. Plaintiff was employed by CLIFFBREAKERS in May of 2005 until the termination of her employment on or about late September, 2005.

**Answer: Defendant CLIFFBREAKERS admits the Plaintiff was employed by it from May of 2005 until the termination of her employment on August 10, 2005 or September 10, 2005, but denies the remaining allegations contained in Paragraph 7 of the First Amended Complaint.**

8. Defendant CLIFFBREAKERS is a corporation organized under the laws of Illinois. Defendant maintains its principal place of business in the City of Rockford, Illinois.

**Answer: Defendant CLIFFBREAKERS admits that it was a corporation organized under the laws of the State of Illinois, and states affirmatively that it has been dissolved. Defendant CLIFFBREAKERS admits that its principal place of business was in the City of**

Rockford, Illinois. Defendant CLIFFBREAKERS denies the remaining allegations contained in Paragraph 8 of the First Amended Complaint.

9. Defendant WASSERMAN was a male employee and agent of the defendant, CLIFFBREAKERS, employed in a managerial capacity during all times complained of herein.

**Answer:** Defendant CLIFFBREAKERS admits that Defendant WASSERMAN is male and further admits that he was employed by CLIFFBREAKERS in a managerial capacity during certain periods of time in and after August of 2005, but denies the remaining allegations contained in Paragraph 9 of the First Amended Complaint.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. In September of 2005, Defendant CLIFFBREAKERS conducted a restaurant business and employed approximately 95 employees.

**Answer:** Defendant CLIFFBREAKERS admits the allegations contained in Paragraph 10 of the First Amended Complaint.

11. Plaintiff, a female, was hired in May of 2005, as a waitress for defendant, CLIFFBREAKERS. Plaintiff was responsible to perform waitress duties and was directly supervised by Defendant, WASSERMAN, until her untimely termination in late September of 2005. Throughout her employment, plaintiff distinguished herself professionally and, made substantial contributions to defendants' restaurant.

**Answer:** Defendant CLIFFBREAKERS admits the allegations contained in the first sentence of Paragraph 11 of the First Amended Complaint. Defendant CLIFFBREAKERS denies each and every remaining allegation contained in Paragraph 11 of the First Amended Complaint.

4

12.     Sometime in early July 2005 through the date of her termination, WASSERMAN, subjected plaintiff to sexual harassment, including offensive sexual touching and gestures. On a regular basis, WASSERMAN would ask plaintiff out on dates to go to bars and for dinner. Plaintiff rebuked the sexual advances and made it known to Wasserman that these advances were unwanted and unwelcome, especially in light of the fact that WASSERMAN was married with children.

**Answer: Defendant CLIFFBREAKERS lacks sufficient information and knowledge on which to form a belief as to the allegations contained in Paragraph 12 of the First Amended Complaint and, therefore, neither admits nor denies such allegations but demands strict proof of them.**

13.     On one such occasion, after July of 2005, WASSERMAN, asked plaintiff to be his mistress and told her he would buy her anything she wanted.

**Answer: Defendant CLIFFBREAKERS lacks sufficient information and knowledge on which to form a belief as to the allegations contained in Paragraph 13 of the First Amended Complaint and, therefore, neither admits nor denies such allegations but demands strict proof of them.**

14.     On another occasion, after July of 2005, WASSERMAN, offered to make dinner for plaintiff at his place. The plaintiff rejected the offer and told him it was not a good idea.

**Answer: Defendant CLIFFBREAKERS lacks sufficient information and knowledge on which to form a belief as to the allegations contained in Paragraph 14 of the First Amended Complaint and, therefore, neither admits nor denies such allegations but demands strict proof of them.**

15.     On several nights WASSERMAN offered to walk plaintiff to her car. Plaintiff told WASSERMAN that she did not need any company. WASSERMAN persisted and escorted her to

her car after closing. WASSERMAN began to give details of his promiscuous exploits and that he wanted to set up a date with her. She refused his advances and again told him that his advances were not welcome.

**Answer: Defendant CLIFFBREAKERS lacks sufficient information and knowledge on which to form a belief as to the allegations contained in Paragraph 15 of the First Amended Complaint and, therefore, neither admits nor denies such allegations but demands strict proof of them.**

16.    On or about August 10, 2005, WASSERMAN was promoted to General Manager of the restaurant.

**Answer:  Defendant CLIFFBREAKERS admits that on or about August 10, 2005, Defendant Wasserman was hired to serve as its General Manager of its restaurant. Defendant CLIFFBREAKERS denies each and every remaining allegation contained in Paragraph 16 of the First Amended Complaint.**

17.    Plaintiff confronted WASSERMAN on numerous occasions that the above-described conduct was offensive to her. WASSERMAN's behavior continued until late September, 2005. One evening in late September, 2005, WASSERMAN moved himself very close to Plaintiff touching her. This made plaintiff feel very uncomfortable and uneasy. Plaintiff told WASSERMAN that his advances made her feel uneasy and that she did not appreciate his conduct.

**Answer: Defendant CLIFFBREAKERS lacks sufficient information and knowledge on which to form a belief as to the allegations contained in Paragraph 17 of the First Amended Complaint and, therefore, neither admits nor denies such allegations but demands strict proof of them.**

18. The next week, the plaintiff called the restaurant to get her pre-assigned hours and learned that was not scheduled on the roster of employees for any work.

**Answer: Defendant CLIFFBREAKERS admits that following an incident on August 10, 2005, in which Plaintiff had an altercation with a female co-worker, which resulted in the police being called to the facility, Plaintiff was not scheduled on the roster of employees for any work. Defendant CLIFFBREAKERS denies the remaining allegations contained in Paragraph 18 of the First Amended Complaint.**

19. Thereafter, the plaintiff was never scheduled for any further employment. She called and requested to know why she was being overlooked. Management failed to respond to her as to why she was terminated.

**Answer: Defendant CLIFFBREAKERS admits that after August 10, 2005, Plaintiff was not scheduled for work. Defendant CLIFFBREAKERS denies the remaining allegations contained in Paragraph 19 of the First Amended Complaint.**

20. Throughout plaintiff's employment with CLIFFBREAKERS she refused to accept WASSERMAN'S sexual advances and she repeatedly told him his sexual behavior was unwelcome and unwanted. The sexual harassment continued forcing plaintiff to work in a hostile and intimidating environment.

**Answer: Defendant CLIFFBREAKERS lacks sufficient information and knowledge on which to form a belief as to the allegations contained in Paragraph 20 of the First Amended Complaint and, therefore, neither admits nor denies such allegations but demands strict proof of them.**

## FIRST CAUSE OF ACTION -- HOSTILE ENVIRONMENT

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth herein.

**Answer: Defendant CLIFFBREAKERS repeats and realleges its answers to Paragraphs 1 through 19 of this Answer, as if the same were set forth herein.**

22. Defendant, CLIFFBREAKERS, is strictly liable for any unwelcome sexual conduct of its managerial employee and as such, defendant, CLIFFBREAKERS, has discriminated against plaintiff in the terms and conditions of her employment on the basis of her sex in violation of Title VII in that this conduct created a hostile, intimidating and offensive work environment for plaintiff.

**Answer: Defendant CLIFFBREAKERS denies each and every allegation contained in Paragraph 22 of the First Amended Complaint.**

23. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendant's discriminatory practices unless and until this Court grants relief.

**Answer: Defendant CLIFFBREAKERS denies each and every allegation contained in Paragraph 23 of the First Amended Complaint.**

### AFFIRMATIVE DEFENSES TO FIRST CAUSE OF ACTION

1. The First Cause of Action alleged in the First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant CLIFFBREAKERS for "hostile environment" sexual harassment.

2. Defendant CLIFFBREAKERS exercised reasonable care to prevent and correct promptly any sexual harassment, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant CLIFFBREAKERS.

3.    Plaintiff's cause of action for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. is barred and the Court lacks jurisdiction over this cause of action, insofar as Plaintiff has failed to satisfy any or all of the prerequisites for maintaining an action under Title VII.

4.    The First Cause of Action alleged in the First Amended Complaint fails to state facts sufficient to support the claims for back pay, or for compensatory, or other damages made by Plaintiff.

5.    The First Cause of Action alleged in the First Amended Complaint fails to state facts sufficient to support the claims for punitive damages against Defendant CLIFFBREAKERS, as they do not demonstrate that such Defendant act with malice or with reckless indifference to the federally protected rights of Plaintiff.

6.    Plaintiff is not entitled to recover back pay, damages for emotional distress, or other damages insofar as she has failed to mitigate her damages.

## SECOND CAUSE OF ACTION -- RETALIATION

24.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth herein.

**Answer:    Defendant CLIFFBREAKERS repeats and realleges its answers to Paragraphs 1 through 19 of this Answer as if fully set forth herein.**

25.    Plaintiff was terminated because of her sex in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damage unless and until this Court grants relief.

**Answer: Defendant CLIFFBREAKERS denies each and every allegation contained in Paragraph 25 of the First Amended Complaint.**

## AFFIRMATIVE DEFENSES TO SECOND CAUSE OF ACTION

1. The Second Cause of Action alleged in the First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant CLIFFBREAKERS for retaliation.

2. Plaintiff's cause of action for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. is barred and the Court lacks jurisdiction over this cause of action, insofar as Plaintiff has failed to satisfy any or all of the prerequisites for maintaining an action under Title VII.

3. The Second Cause of Action alleged in the First Amended Complaint fails to state facts sufficient to support the claims for back pay, damages for emotional distress, or other damages made by Plaintiff.

4. The Second Cause of Action alleged in the First Amended Complaint fails to state facts sufficient to support the claims for punitive damages against Defendant CLIFFBREAKERS, as they do not demonstrate that such Defendant act with malice or with reckless indifference to the federally protected rights of Plaintiff.

5. Plaintiff is not entitled to recover back pay, or for compensatory, or other damages insofar as she has failed to mitigate her damages.

## THIRD CAUSE OF ACTION -- DISCHARGE

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint with the same force and effect as if set forth herein.

**Answer:** **Defendant CLIFFBREAKERS repeats and realleges its answers to Paragraphs 1 through 19 of this Answer as if fully set forth herein.**

27. Plaintiff has been discharged from her employment because of her sex in violation of Title VII, whereby she has suffered and will continue to suffer both irreparable injury and compensable damage unless and until this Court grants relief.

**Answer: Defendant CLIFFBREAKERS denies each and every allegation contained in Paragraph 27 of the First Amended Complaint.**

28. As a result of defendant's discriminatory acts, plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

**Answer: Defendant CLIFFBREAKERS denies each and every allegation contained in Paragraph 28 of the First Amended Complaint.**

## AFFIRMATIVE DEFENSES TO THIRD CAUSE OF ACTION

1. The First Amended Complaint fails to state facts sufficient to constitute a cause or causes of action against Defendant CLIFFBREAKERS.

2. Plaintiff's cause of action for employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. is barred and the Court lacks jurisdiction over this cause of action, insofar as Plaintiff has failed to satisfy any or all of the prerequisites for maintaining an action under Title VII.

3. The First Amended Complaint fails to state facts sufficient to support the claims for back pay, or for compensatory, or other damages made by Plaintiff.

4. The Fourth Cause of Action alleged in the First Amended Complaint fails to state facts sufficient to support the claims for punitive damages against Defendant CLIFFBREAKERS, as they do not demonstrate that such Defendant act with malice or with reckless indifference to the federally protected rights of Plaintiff.

5.   Plaintiff is not entitled to recover back pay, damages for emotional distress, or other damages insofar as she has failed to mitigate her damages.

WHEREFORE, Defendant, CLIFFBREAKERS, INC., prays that Plaintiff's First Amended Complaint be dismissed, with prejudice, in its entirety; that such Defendant be awarded its costs of suit, including its reasonable attorney's fees; and that the Court grant such Defendant such further relief as is appropriate.

                CLIFFBREAKERS, INC., Defendant,

BY:   HOLMSTROM & KENNEDY, P.C.,
        Its Attorneys,

BY:   _____
        Roberta L. Holzwarth

HOLMSTROM & KENNEDY, P.C.
800 N. Church Street
P.O. Box 589
Rockford, IL 61105-0589
Phone: 815-962-7071
Fax: 815-962-7181

## PROOF OF SERVICE

The undersigned states that a copy of the foregoing **ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** was served upon:

**Attorney David J. Brown**
**216 N. Court Street**
**Rockford, IL 61103**

the parties and attorneys of record herein, via the Court's CM/ECF system by electronic transmission and by depositing said envelope, with postage fully prepaid by first class mail, in the United States Post Office mailbox in Rockford, Illinois, on this 18th day of April, 2008.

_____

Subscribed and sworn to before me this
18th day of April, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JOYCE HOWE
Notary Public, State of Illinois
My Commission Expires 05/15/08

Attorney Roberta L. Holzwarth
HOLMSTROM & KENNEDY, P.C.
800 N. Church Street
P.O. Box 589
Rockford, IL 61105-0589
Phone: 815-962-7071
Fax: 815-962-7181

13